# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS D. BRALEY,<br><br>    Plaintiff,<br><br>    v.<br><br>R. HICKS, et al.,<br><br>    Defendants. | Case No. 1:23-cv-00206-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING MOTION TO PROCEED IN FORMA PAUPERIS BE DENIED<br><br>(ECF No. 2) |

Plaintiff Thomas D. Braley is proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on February 13, 2023, along with a motion to proceed in forma pauperis. For the reasons explained below, Plaintiff's motion should be denied.

**I.**

**DISCUSSION**

The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011). Pursuant to the PLRA, the in forma pauperis statue was amended to include section 1915(g), a non-merits related screening device which precludes prisoners with three or more "strikes" from proceeding in forma pauperis unless they are under imminent danger of serious physical injury. 28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1050 (9th Cir. 2007). The statute

1  provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner
2  has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action
3  or appeal in a court of the United States that was dismissed on the grounds that it is frivolous,
4  malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under
5  imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

6  A review of the actions filed by Plaintiff reveals that he is subject to 28 U.S.C. § 1915(g)
7  and is precluded from proceeding in forma pauperis unless Plaintiff, was, at the time the complaint
8  was filed, under imminent danger of serious physical injury.  The Court takes judicial notice of
9  the following United States District Court cases: (1) Braley v. Bledsoe, Case No. 2:01-cv03867-
10 GAF-MC (C.D. Cal.) (dismissed on October 31, 2001 for failure to state a claim); (2) Braley v.
11 Mejia, Case No. 2:03-cv-04583-UA-SH (C.D. Cal.) (dismissed on July 16, 2003 for failure to
12 state a claim); and (3) Braley v. Los Angeles County Jail, et al., Case No. 1:07-cv-01166-OWW-
13 GSA-PC (E.D. Cal.) (dismissed on March 12, 2009 for failure to state a claim); see also, Braley
14 v. Access Securepak, Case No. 1:11-cv-00522-AWI-GSA (E.D. Cal.) (revoking in forma pauperis
15 status on May 18, 2011, and dismissing action to refile with filing fee paid in full).

16 The issue now becomes whether Plaintiff has met the imminent danger exception, which
17 requires Plaintiff to show that he is under (1) imminent danger of (2) serious physical injury and
18 which turns on the conditions he faced at the time he filed his complaint on February 9, 2023
19 (with application of the mailbox rule). Andrews, 493 F.3d at 1053-1056.  Conditions which posed
20 imminent danger to Plaintiff at some earlier time are immaterial, as are any subsequent conditions.
21 Id. at 1053.  While the injury is merely procedural rather than a merits-based review of the claims,
22 the allegations of imminent danger must still be plausible. Id. at 1055.

23 Here, the Court finds that Plaintiff's allegations fail to demonstrate imminent danger of
24 serious physical injury at the time of filing.  In the instant complaint, Plaintiff alleges that several
25 items of his personal property were misplaced and/or broken.  Plaintiff has not established he
26 "faced 'imminent danger of serious physical injury' at the time of filing." Andrews, 493 F.3d at
27 1055 (quoting 28 U.S.C. § 1915(g)).  Plaintiff makes no allegation of imminent danger of serious
28 physical injury at the time he filed his complaint. See Andrews, 493 F.3d at 1051-52 (noting §

1915(g)'s exception for IFP complaints which "make[ ] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing."). Therefore, Plaintiff does not establish an exception to the three-strikes rule of § 1915(g), and he is precluded from proceeding in forma pauperis in this action.

## II.

## CONCLUSION AND RECOMMENDATIONS

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that, pursuant to 28 U.S.C. § 1915(g), Plaintiff not be allowed to proceed in forma pauperis and instead be directed to pay the $402.00 filing fee in full if he wishes to proceed with this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 14, 2023**

UNITED STATES MAGISTRATE JUDGE