<table>
<tr><td>

THOMAS D. BRALEY,

           Plaintiff,

    v.

R. HICKS, et al.,

           Defendants.

</td><td>

No.  1:23-cv-00206-JLT-SAB (PC)

ORDER CONSTRUING PLAINTIFF'S DECLARATION AS MOTION FOR RECONSIDERATION AND DENYING MOTION

(Doc. 20)

</td></tr>
</table>

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

The assigned magistrate judge entered findings and recommendations, recommending that, "[p]ursuant to 28 U.S.C. § 1915(g), Plaintiff not be allowed proceed in forma pauperis in this action," and that Plaintiff "be directed to pay the $402.00 filing fee in full if he wants to proceed with this action." (Doc. 3 at 2.) After receiving three extensions of time, Plaintiff filed objections on June 5, 2023. (Doc. 17.)

    The Court adopted the findings and recommendations in full, denying Plaintiff's motion to proceed in forma pauperis and directing Plaintiff to pay the filing fee within thirty days. (Doc. 19.) A month later, Plaintiff filed a "declaration" in which he claims that he has met the imminent danger standard to proceed in forma pauperis in this action. (Doc. 20.) The Court construes Plaintiff's "declaration" as a motion for reconsideration pursuant to Federal Rule of Civil Procedure 60.

    Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the

1

district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3) fraud ... of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied ... or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." *Id.*

Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)). In seeking reconsideration under Rule 60, the moving party "must demonstrate both injury and circumstances beyond his control." *Harvest*, 531 F.3d at 749 (internal quotation marks and citation omitted).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original). Further, Local Rule 230(j) requires, in relevant part, that a movant show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

Here, after review of Plaintiff's motion, the Court finds that Plaintiff has not presented any new or different facts, circumstances, or evidence such that reconsideration of the prior order and judgment would be appropriate. Among other things, Plaintiff's motion mentions that he was attacked in June of 2023 "by a metal wheelchair." (Doc. 20 at 4.) To the extent this incident, which occurred after the filing of the complaint in this case, could ever satisfy the imminent danger requirement, Plaintiff fails to connect this attack in any way to the claims in his complaint,

which concern the loss of his personal property. As a result, the June 2023 incident is not relevant to the imminent danger inquiry. *See Ray v. Lara*, 31 F.4th 692, 699 (9th Cir. 2022) (holding that § 1915(g) requires a "nexus" between the asserted imminent danger and the claims alleged in the complaint). Based on the foregoing, the Court **ORDERS**:

1. Plaintiff's motion for reconsideration is **DENIED**.
2. Plaintiff **SHALL PAY** the $402.00 filing fee within 20 days from the date of service of this order.
3. Plaintiff's failure to comply with this order will result in dismissal of the action without further notice.

IT IS SO ORDERED.

Dated:   **July 29, 2023**

  /s/ Jennifer L. Thurston
UNITED STATES DISTRICT JUDGE